Judgment rendered September 25, 2019.
Application for rehearing may be filed
within the delay allowed by Art. 2166,
La. C.C.P.

No. 53,006-CA

COURT OF APPEAL
SECOND CIRCUIT
STATE OF LOUISIANA

* * * * *

| PHILIP CASH, GLENDA CASH, | Plaintiffs-Appellees |
| AND PHILIP'S FAMILY | |
| PHARMACY, INC. | |

versus

| DELHI OFFICE BUILDING, LLC | Defendant-Appellant |

* * * * *

Appealed from the
Fifth Judicial District Court for the
Parish of Richland, Louisiana
Trial Court No. 43,157

Honorable Will Barham, Judge

* * * * *

| McNEW, KING, & LANDRY, LLP | Counsel for Appellant |
| By: Brady D. King, II | |

| SHOTWELL, BROWN, & SPERRY, A PLC | Counsel for Appellees |
| By: C. A. Martin, III | |

* * * * *

Before WILLIAMS, STONE, and THOMPSON, JJ.

**THOMPSON, J.**

Defendant, Delhi Office Building, L.L.C. ("DOB"), appeals from the trial court's judgment in favor of Plaintiffs, Philip Cash, Glenda Cash, and Philip's Family Pharmacy, Inc. ("Pharmacy"), in which the court found that Plaintiffs met their burden of proof to establish: (1) that damage was caused to the roof of the Pharmacy by DOB's contractors and (2) that the present design of DOB's drainage system creates an additional flow of water onto the Pharmacy property. The trial court issued an award of damages to the Pharmacy to which the Pharmacy appealed the amount. For the following reasons, we affirm the trial court's judgment and leave intact the damage award.

## FACTS AND PROCEDURAL HISTORY

On November 16, 2012, the Pharmacy filed suit in the 5th Judicial District Court requesting damages against DOB. The suit claims that the Pharmacy, which is adjacent to DOB, suffered damages as a result of DOB's roof renovation which it alleges resulted in the Pharmacy's roof developing leaks which allegedly resulted in assorted damages. The properties in question share a brick wall in between the two businesses, but each are independent, free-standing metal structures built within the confines of the brick walls. The metal structures are not connected to the brick walls but sit within 1-4 inches of the walls.

In 2011, DOB hired "Del-Ray Construction" (hereinafter "Del-Ray") to renovate and re-design the roof of its building. Essentially, Del-Ray was tasked with the renovation of the roof and its gutter system. In addition to the roof re-design, DOB commissioned another entity to install a new

HVAC unit on the roof. It is these renovations and installations that the Pharmacy contends were the cause of damages to its roof and subsequent water leakage into its building and the resulting damages. DOB contends that the water leaks experienced at the pharmacy began to occur long before the renovations took place and therefore DOB should not be held liable.

An answer and reconventional demand to the Pharmacy's petition was filed by DOB on January 4, 2013, asserting three affirmative defenses and a reconventional demand against the Pharmacy for allegedly drilling holes into the building for installation of a security system which subsequently caused water leakage into DOB's building. When the security system was subsequently removed, the issue of DOB's reconventional demand resolved and is not before this court. On February 4, 2013, the Pharmacy filed an answer to the reconventional demand and asserted its own affirmative defenses therein. Thereafter, counsel for DOB was substituted and an amended and restated answer and reconventional demand was filed on August 26, 2014, wherein DOB directly asserted an "independent contractor defense" as provided by the principles of tort law contained in La. C.C. arts. 2315, *et seq.* and La. R.S. 9:2773.

A bench trial was held on June 21 and 22, 2018. Written reasons for judgment were issued on November 5, 2018, and the trial court found in favor of the Pharmacy, but for an amount significantly less than the damage award sought by the Pharmacy. Judgment was rendered and signed on December 4, 2018. DOB filed a petition and order for suspensive appeal on January 8, 2019, with the order being signed on January 10, 2019. Subsequently, DOB converted the suspensive appeal to a devolutive appeal

2

by order dated February 12, 2019.  In its answer, the Pharmacy asserted a request for modification of the damage award in its favor.

## DOB'S ASSIGNMENTS OF ERROR

1. The district court erred as a matter of law in concluding that DOB was not entitled to the independent contractor defense;

2. The district court erred in concluding that Plaintiffs carried their burden of proving that Del-Ray was negligent and its activities caused damage or harm to Plaintiffs' roof and inventory;

3. The district court erred in concluding that the renovations altered or increased the water run-off to the rear of the instant properties;

4. The district court erred in declining to conclude that Plaintiffs failed to mitigate their damages; and

5. The district court was manifestly erroneous in its award of damages to Plaintiffs.

## THE PHARMACY'S ANSWER TO APPEAL

The Pharmacy answered the appeal alleging that the damages awarded by the trial court were grossly inadequate.  To the extent the issue of the amount of damages sought by either party overlap, they will be addressed simultaneously.

## STANDARD OF REVIEW

A court of appeal may not set aside a trial court's finding of fact in the absence of "manifest error" or unless it is "clearly wrong."  *Henderson v. Nissan Motor Corp.*, 03-606 (La. 02/06/04), 869 So. 2d 62.  The issue to be resolved by the appellate court is not whether the trial court was right or wrong, but whether its conclusion was a reasonable one.  Reasonable evaluations of credibility and reasonable inferences of fact should not be disturbed upon review where conflict exists in the testimony.  *Stobart v. State, Through Dep't of Transp. & Dev.*, 617 So. 2d 880 (La. 1993).  Where

two permissible views of the evidence exist, the fact-finder's choice between them cannot be manifestly erroneous or clearly wrong. *Carr v. Oake Tree Apartments*, 34,539 (La. App. 2 Cir. 05/09/01), 786 So. 2d 230, *writ denied*, 01-1682 (La. 09/21/01) 797 So. 2d 675.

## LIABILITY

After the trial of this matter and consideration of the evidence and testimony, the district court found that the damage to the roof of the Pharmacy was caused by the contractors hired by DOB during renovations of the DOB building and that DOB was liable under La. C.C. art. 667.

DOB asserted what they dubbed the "independent contractor defense," which is akin to a claim of third-party fault contained in La. C.C. arts. 2315, *et seq*. However, as the district court ultimately determined, DOB is not entitled to assert the "independent contractor defense" as that defense is available to actions sounding in tort and not claims regarding legal servitudes as existed in this case. Additionally, at oral argument, counsel for DOB cited La. R.S. 9:2773 as a means of defense. That statute provides:

> It is the public policy of the state that the responsibility which may be imposed on an agent, contractor, or representative by reason of the responsibility of proprietors under Article 667 of the Louisiana Civil Code shall be limited solely to the obligation of such agent, contractor, or representative to act as the surety of such proprietor in the event the proprietor is held to be responsible to his neighbor for damage caused him and resulting from the work of such agent, contractor, or representative, and only in the event the proprietor is unable to satisfy any claim arising out of such damage. The agent, contractor, or representative who is responsible for damages, as limited by this Section, shall have a right of action against the proprietor for any damages, costs, loss or expense which he may suffer in his capacity as the surety of the proprietor.

4

Reading the plain language of R.S. 9:2773, because Del-Ray was working as an independent contractor for DOB, Del-Ray would be liable only as a surety for DOB and only to the extent that DOB cannot satisfy the damages awarded. This is not a defense to the action presented and does not automatically relieve DOB of any liability it might have to the Pharmacy.

The overarching issue presented in this case is one of causation—that is, whether the damage claimed by the Pharmacy was caused by the activity of the contractor hired by DOB. If causation and damage are established, DOB must be held responsible under Civil Code article 667. That article provides:

> Although a proprietor may do with his estate whatever he pleases, still he cannot make any work on it, which may deprive his neighbor of the liberty of enjoying his own, or which may be the cause of any damage to him.

Although there is no evidence of substandard conduct on the part of DOB or its contractor, proof of negligence is not required to recover under the article.

The Louisiana Supreme Court discussed article 667 as follows:

> Article 667 is therefore a limitation the law imposes upon the rights of proprietors in the use of their property. It is a species of legal servitude in favor of neighboring property, an expression of the principal of *sic utere*. An activity, then, which causes damage to a neighbor's property obliges the actor to repair the damage, even though his actions are prudent by usual standards. It is not the manner in which the activity causes damage to a neighbor which is relevant. This being ascertained, it remains only to calculate the damage which ensued.

*Chaney v. Travelers Ins. Co.*, 259 La. 1, 249 So. 2d 181, 186 (La. 1971). The proprietor is likewise responsible not only for his own activity, but also for that carried on by his agents, contractors, and representatives with his consent and permission. *Id.*

5

Causation is the first issue to be resolved from the facts at hand. To be actionable, the cause need not be the sole cause, but it must be a cause-in-fact, and to be a cause-in-fact in legal review it must have a proximate relation to the harm which occurs, and it must be substantial in character. *Home Gas and Fuel Co. v. Mississippi Tank Co.*, 246 La. 625, 166 So. 2d 252 (1964). Causation may be proved by circumstantial evidence. *Semon v. City of Shreveport*, 14,276 (La. App. 2 Cir. 09/22/80), 389 So. 2d 438, *citing Lombard v. Sewerage & Water Bd. of New Orleans*, 284 So. 2d 905 (La. 1973). In many instances, it can be proved only by such evidence. *Id*. Taken as a whole, circumstantial evidence must exclude other reasonable hypotheses with a fair amount of certainty. *Id*. This does not mean, however, that it must negate all other possible causes. *Id*.

Considering these principles, and after a review of the evidence, we are satisfied the Pharmacy established its claim that damage resulted to its property and was caused by the construction activity carried on by Del-Ray under contract with DOB. According to the testimony at trial, the Pharmacy had experienced only one leak since purchasing the building in 1996. That leak was eventually repaired by Mr. Munn and no other leaks occurred until DOB began renovations on its adjoining building in 2011. Philip Cash testified at trial that the leaks in question began during the renovations next door. The Cashes informed DOB that the roof was leaking and an employee of Del-Ray came to the pharmacy to view the leaks, but no further action was taken on the part of DOB or Del-Ray to remedy the problem. DOB failed to take all necessary precautions to protect its neighbor, the Pharmacy,

against injury as required by La. C.C. art. 662. It is for these reasons that we find DOB's first two assignments of error lack merit.

In its third assignment of error, DOB contends that the trial court erred in concluding that its new drainage system increased or altered the water run-off to the rear of the two properties. Civil Code articles 664 and 656 state that a landowner "is bound to fix his roof so that rainwater does not fall on the ground of his neighbor" and he may not "do anything to render the servitude more burdensome." The Pharmacy established through testimony and photographs at trial that DOB altered its roof and drainage system such that, even though there was less water flowing from the roof, the water flowed in a more concentrated manner so that it created puddles and a flow of water where none existed before. DOB offered no testimony or physical evidence to refute the Pharmacy's claim that the new drainage system was more burdensome than the previous. This assignment of error likewise lacks merit.

## MITIGATION OF DAMAGES

DOB also contends that the trial court erred in declining to conclude that the Pharmacy failed to mitigate its damages. The district court stated in its written reasons for judgment that it specifically considered the duty which plaintiff has to mitigate its damages. The Pharmacy obtained one lower quote and several much higher quotes to fix the roof. While a party does have an obligation to mitigate their damages, they are not required to make substantial expenditures or incur substantial risk in order to mitigate the damages. *Thomas v. Boyd*, 51,621 (La. App. 2 Cir. 11/15/17), 245 So. 3d 308, 330, *writ denied*, 18-00233 (La. 04/16/18), 240 So. 3d 923. Here,

7

the trial court awarded far less than the amount requested by the Pharmacy and directly addressed its consideration of the Pharmacy's failure to mitigate in its written reasons for judgment. Therefore, we cannot say that the amount awarded by the trial court was manifestly erroneous, and as such the assignment of error lacks merit.

## DAMAGES

Upon finding DOB liable for damage to the Pharmacy's roof, the district court assessed damages in the following amounts:

- $450.00 for painting repairs;

- $10,000.00 for roof repairs;

- $2,500.00 for ceiling tile replacement;

- $5,000.00 for drywall repairs; and

- $1,952.85 for destroyed or damaged inventory.

It is well settled that upon review, the appellate court should not disturb the judge's assessment of damages unless it is found to be a clear abuse of discretion by the trial court. *Carroll v. St. Paul Ins. Co.*, 550 So. 2d 787 (La. App. 2 Cir. 1989). The Pharmacy established that the damages incurred were a result of DOB's contractors being on their roof while performing renovations for DOB. DOB presented no evidence to contest the Pharmacy's damage claims or contrary quotes to repair the damage. Therefore, it cannot be said that the trial court abused its discretion in assessing damages, and this assignment of error also lacks merit. As such, we decline the invitation to either increase or decrease the award of damages by the trial court.

8

**CONCLUSION**

For the reasons set forth above, the judgment of the trial court is affirmed. Costs are assessed against Defendant-Appellant, Delhi Office Building, L.L.C.

**AFFIRMED.**